IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DARRYL SCOTT STINSKI** | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 5:14-CV-00409-MTT-CHW |
| **WARDEN BRUCE CHATMAN**, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

The Court previously dismissed *pro se* Plaintiff Darryl Scott Stinski's Complaint under 28 U.S.C. § 1915A(a) for failure to state a claim. Plaintiff, who is presently incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a motion for reconsideration (ECF No. 7) and sought leave to file an amended complaint. The undersigned granted Plaintiff permission to file an amended complaint and stayed the motion for reconsideration pending review of the amended complaint. Plaintiff's amended complaint further details Defendants' alleged § 1983 violations related to the practice of Plaintiff's Wiccan religion. The undersigned will now conduct a preliminary review of Plaintiff's amended complaint as required by 28 U.S.C. § 1915A(a).

  **I.**  **Standard of Review**

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107,

1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.   Factual Allegations

Plaintiff's amended complaint provides further detail regarding prison officials' alleged denial of various items Plaintiff contends are necessary to practice the Wiccan religion. Specifically, Plaintiff contends that he requested candles, incense, a censer, essential oils, candleholders, a cup or chalice, a "patan" (described as a flat wooden "magical tool"), a wand, an altar cloth, a box to store his religious items that could also double as an altar, a set of rune stones, parchment and ink, multiple medicine bags containing stones, charms, and amulets, a necklace with a scent locket, salt, and "various other tools." (Am. Compl. Attach. 1 at 3-4, 6-9, ECF No. 12-1.) He also requested that he be allowed to observe the "Cakes and Wine" ceremony and sought one ounce of wine (or grape juice) and cake, cookies, or sandwich to complete the ritual. *Id.* at 7. Plaintiff additionally requested contact information for a "religious rights review committee" and a Wiccan chaplain or community volunteer. *Id.* at 9. Plaintiff also asked that he be allowed to grow his hair in accordance with his religious beliefs and that he be permitted to use areas in the G-House commonly referred to as the "barber shop" and the "computer room" to practice his religion. *Id.* at 4, 10. Plaintiff contends that each of these requests was denied by prison officials, specifically Defendants Chatman and

Miller. *Id.* at 6-10.  Plaintiff also alleges he was forcibly shaven by prison officials and was served a disciplinary report for failing to follow prison officials' directions to shave and for his "personal appearance." *Id.* at 11-12.  Plaintiff further alleges that he has not received books he has ordered about his religion in a timely manner. *Id.* at 15.

Plaintiff also contends he was taken to the "computer room" and strip-searched by CERT team members and that his cell was "utterly destroyed" by CERT team members in the meantime. *Id.* at 13.  Plaintiff also states that he was "infracted" on or about July 11, 2014 and received thirty days in isolation as a result of the infraction. *Id.* at 13-14.  He contends that even after he served his thirty days in isolation, he was held in segregation for an additional twenty days. *Id.* at 14.  Plaintiff contends these actions by prison officials were retaliatory, since he "had done nothing to warrant this mistreatment . . . other than filing grievances and trying to be afforded religious rights, privileges, and immunities." *Id.*

### III. Plaintiff's Claims

#### A. Religious Freedom Claims

As with Plaintiff's original complaint, the Court construes Plaintiff's claims that Defendants interfered with the exercise of his Wiccan beliefs as claims for violations of Plaintiff's First Amendment right to religious freedom and Section 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  The First Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. Amend. I.  Prison officials may limit a

4

prisoner's free exercise of sincerely held religious beliefs if such "limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

RLUIPA requires the government to justify any substantial burden on a prisoner's religious exercise by demonstrating a compelling governmental interest. *See Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1659 (2011). "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." *Smith v. Governor for Alabama*, 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal quotation marks omitted). A "religious exercise" is broadly defined as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). In the Eleventh Circuit, "a 'substantial burden' is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004). While the Court should not examine the "centrality of a particular religious tenet in undertaking the substantial burden analysis," the plaintiff must "demonstrate that the government's denial of a particular religious item or observance was more than an inconvenience to one's religious practice." *Allen*, 502 F.3d at 1278.

The First Amendment and RLUIPA claims in Plaintiff's original complaint were dismissed because Plaintiff failed to provide enough detail regarding which Wicca-

5

related materials and items he was denied and whether and how the denial of those items substantially burdened his religious exercise. (Order Dismissing Compl. 6, Dec. 10, 2014, ECF No. 5.) Plaintiff's amended complaint describes each of the items or materials he alleges Defendants Chatman and Miller denied him, and it explains how each of the items may be used in practicing the Wiccan religion. (Am. Compl. Attach. 1 at 6-9, 12-4.) Plaintiff's amended complaint also alleges that Defendants Chatman and Miller have completely denied him the ability to participate in at least one ritual—the "Cakes and Wine" ceremony—and to celebrate eight "sabbats," which are described as "major holiday[s]" by Plaintiff. *Id.* at 6-7, 9-10. For purposes of the undersigned's § 1915A screening, these allegations are sufficient to warrant further factual development. *See, e.g., Johnson*, 581 F. App'x at 781 (reversing district court's dismissal of RLUIPA and First Amendment free exercise claims where prisoner's *pro se* complaint alleged that prison officials infringed his practice in numerous ways, including failing to hold at least one type of religious service).

The undersigned therefore finds that Plaintiff's religious freedom claims regarding the denial of religious items and observances should proceed against Defendants Chatman and Miller. Because Plaintiff does not specifically allege that any other Defendant denied his requests for religious items or observances, the undersigned **RECOMMENDS** that any religious freedom claims against those Defendants be **DISMISSED without prejudice.**[1]

---

[1] Plaintiff does allege that Defendant Harrell, a chaplain, never responded to Plaintiff's requests for contact information about a Wiccan chaplain, community volunteer, or other

To the extent Plaintiff seeks to bring an RLUIPA or First Amendment claim because he was forcibly shaven, however, Plaintiff has failed to state a claim. Plaintiff offered no explanation whatsoever as to why the Wiccan religion prohibits shaving or haircuts that would conform to prison regulations or why a violation of those regulations would be necessary to practice Wicca. Plaintiff therefore failed to allege that the prison's haircut and shaving policies substantially burdened his religious beliefs. *See, e.g., Dunn v. Sec'y Pa. Dep't of Corr.*, 490 F. App'x 429, 432 (3d Cir. 2012) (per curiam) (prisoner failed to establish substantial burden on religious exercise where he failed to explain how maintaining long hair affected his religious beliefs); *see also Allen*, 502 F.3d at 1264 n.5 (finding that plaintiff's failure to establish RLUIPA claim also failed to establish First Amendment claim, since RLUIPA provided greater protection to religious exercise than First Amendment). Thus, the undersigned **RECOMMENDS** that any religious exercise claims related to the prison's grooming policies be **DISMISSED without prejudice.**

### B. Equal Protection Claims

The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The equal protection claims in Plaintiff's original complaint were dismissed because Plaintiff failed to allege that any similarly situated prisoners received more favorable treatment. "In order to properly plead an equal protection claim, a

---

"related personnel," and has failed to otherwise assist Plaintiff. Plaintiff did not allege specific facts explaining why the lack of such contact information or assistance substantially burdened his religious exercise, and he has therefore failed to state a claim against Defendant Harrell.

7

plaintiff need only allege that similarly situated persons have been treated disparately through state action." *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 685-86 (11th Cir. 2005) (per curiam).

Plaintiff's amended complaint alleges that prison officials permitted other religious groups, including Catholics, Christians, Muslims, and Jehovah's Witnesses, to use the "barber shop" to perform ceremonies and rituals including baptisms and communion but that Defendants Chatman and Miller have denied Plaintiff's requests to use the "barber shop" to perform Wiccan rituals and worship. (Am. Compl. Attach 1 at 4-5.) Plaintiff further contends that various Wiccan items or observances which Defendants Chatman and Miller have denied him are "on par" with religious items or observances granted to inmates practicing other religions. For example, Plaintiff contends that the "Cakes and Wine" ceremony is essentially equivalent to Christian communion. *Id.* at 7. At this stage, these allegations are sufficient to allow Plaintiff's equal protection claims against Defendants Chatman and Miller to proceed for further factual development. The undersigned therefore finds that Plaintiff's equal protection claims should proceed against Defendants Chatman and Miller**.** Because Plaintiff does not specifically allege that any other Defendant treated him differently than inmates practicing other religions by denying his requests for religious items or observances, the undersigned **RECOMMENDS** that any equal protection claims against those Defendants be **DISMISSED without prejudice.**

### C. Due Process Claim

Plaintiff's amended complaint appears to expand upon claims from his original

complaint that Defendants interfered with his mail. More specifically, Plaintiff contends that Defendant Baughcum returned Wicca-related books Plaintiff mail-ordered without giving Plaintiff a "Mail Items Rejection Form," which would allow Plaintiff to appeal the denial of the books. *Id.* at 14-15. To the extent Plaintiff is attempting to state a claim for deprivation of procedural due process under the Fourteenth Amendment, Plaintiff's amended complaint still fails to state a claim upon which relief can be granted.[2] Plaintiff has still failed to allege that he has attempted to pursue a civil cause of action for any wrongful conversion of his personal property, or that such postdeprivation remedy is unavailable to him. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (holding that the cause of action under Georgia law for wrongful conversion of personal property "constitutes a suitable postdeprivation remedy for procedural due process violations"). Thus, to the extent Plaintiff attempts to assert a procedural due process claim based on alleged interference with his mail, the undersigned **RECOMMENDS** such claim be **DISMISSED without prejudice.**

---

[2] To the extent Plaintiff is attempting to state an RLUIPA or First Amendment claim against Defendant Baughcum, the undersigned **RECOMMENDS** such claims be **DISMISSED without prejudice.** Plaintiff has made no effort to explain how the books he has requested are important to the practice of the Wiccan religion and substantially burdened his religious exercise. Indeed, several of the books requested are books about tai chi and yoga, not Wicca. (Am. Compl. Attach. 5, ECF No. 12-5.)

### D. Eighth Amendment

Plaintiff further notes in his amended complaint that he was forcibly shaven in violation of his religious beliefs. To the extent this can be construed as a claim for excessive use of force under the Eighth Amendment, such claim fails. "Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." *Muhammad v. Sapp*, 494 F. App'x 953, 957 (11th Cir. 2012) (per curiam). The Eleventh Circuit has held that prison officials are authorized to use force to enforce a prison's shaving policy. *Id.* In this case, Plaintiff acknowledges that he was being shaven to enforce the prison's shaving policy. (Am. Compl. Attach. 1 at 11-12.) He does not allege that he suffered any physical injury as a result of being forcibly shaven and admits that he saw a nurse after the incident to ensure he had no injuries that required treatment. *Muhammad*, 494 F. App'x at 957 (noting that the extent of the injury suffered by the prisoner is relevant, but not solely determinative, in determining an Eighth Amendment claim). Plaintiff also does not allege that any Defendant acted maliciously and sadistically to cause him harm. Thus, to the extent Plaintiff seeks to assert an Eighth Amendment claim because he was forcibly shaven, the undersigned **RECOMMENDS** that such claims be **DISMISSED without prejudice.**

### E. Retaliation

Plaintiff mentions that the search of his cell, "leaving [it] in disorder," was "retaliation due to filing lawsuits and grievances about his religious beliefs." (Am. Compl. Attach. 1 at 14, Am. Compl. Attach. 3 at 4, ECF No. 12-3.) He also seems to

10

state that his failure to be released from isolation in a timely manner was retaliatory. (Am. Compl. Attach. 1 at 14.) Plaintiff has not identified who specifically searched his cell or made the decision to extend his stay in isolation and whether those persons had any knowledge about Plaintiff's lawsuits and grievances. (*See id.* at 13.) Absent such information, Plaintiff cannot state a claim for retaliation. *See, e.g., Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) (per curiam) (district court did not err in dismissing prisoner's retaliation claims where prisoner failed to demonstrate that sheriff's act was a result of plaintiff's grievances). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims for retaliation be **DISMISSED without prejudice.**

### IV. Conclusion

For the reasons set forth above, the undersigned finds that Plaintiff's RLUIPA, First Amendment, and equal protection claims against Defendants Chatman and Miller should proceed for further factual development. Plaintiff's amended complaint does not include sufficient factual matter to state a claim for relief that is plausible on its face with respect to all other claims, which are **RECOMMENDED** to be **DISMISSED without prejudice.** The precise relief sought in Plaintiff's Motion for Reconsideration (ECF No. 7) is unclear, but it appears that Plaintiff simply requested that the Court consider the substance of Plaintiff's amended complaint. Because the undersigned has fully addressed Plaintiff's amended complaint in this Recommendation, it is **RECOMMENDED** that the Motion for Reconsideration be **DENIED** as moot.

11

## OBJECTIONS

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.  *See* 28 U.S.C. § 636(b)(1).

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Chatman and Miller, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when

the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made

with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall

remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

    **SO ORDERED**, this 24th day of June, 2015.

                                                 s/ Charles H. Weigle
                                                 Charles H. Weigle
                                                 United States Magistrate Judge