IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARRYL SCOTT STINSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:14-CV-409 (MTT) |
| WARDEN BRUCE CHATMAN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Darryl Scott Stinski filed this lawsuit on November 24, 2014. (Doc. 1). The Court dismissed his complaint on December 10, 2014, pursuant to 28 U.S.C. § 1915A, and judgment was entered on December 11, 2014. (Docs. 5; 6). On December 18, 2014, the Plaintiff moved for reconsideration, to file an amended complaint, and for appointment of counsel. (Docs. 7; 8; 10). The Plaintiff was permitted to amend his complaint, but the motion for reconsideration was stayed pending his filing an amended complaint. (Doc. 11). The Plaintiff filed an amended complaint on January 28, 2015. (Doc. 12). The Magistrate Judge has now recommended allowing some of the Plaintiff's claims to go forward, dismissing some of the Plaintiff's claims, and denying as moot his motion for reconsideration. (Doc. 13). The Plaintiff has objected to the Recommendation. (Doc. 16). The December 11 judgment has never been vacated.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. Specifically, the Plaintiff objects to the

Magistrate Judge's recommendation to dismiss the Plaintiff's religious freedom claims against Defendants Eutsey, Harrell, and Baucomb; his religious freedom claim regarding being forcibly shaven and having his hair forcibly cut; his due process claim; and his retaliation claim.

## I.

## Prior Judgment

"Post-judgment, the plaintiff may seek leave to amend if he is granted relief under [Federal Civil Procedure] Rule 59(e) or Rule 60(b)(6)…. '[W]here a more carefully drafted complaint might state a claim, a plaintiff *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *Lee v. Alachua Cty., Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  The Court construes the Plaintiff's motion for reconsideration as a motion for relief from judgment under Rule 60(b).  *Cf. Bonadonna v. Unknown Defendant*, 181 F. App'x 819, 823 (11th Cir. 2006) ("Because we liberally construe *pro se* pleadings … we will review [the plaintiff's] petition for a writ of error coram nobis as a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure.").  Accordingly,

## II.

In his objection, the Plaintiff has asserted additional facts to address some of the deficiencies in his amended complaint described in the Recommendation.  Therefore, the Court will construe the objection as a motion to amend the complaint.  *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of those additional allegations were objections to the recommendation of

dismissal, the collective substance of them was an attempt to amend the complaint. Because courts must construe pro se pleadings liberally, the district court should … consider[ the plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[ ] it."). Accordingly, this motion is **GRANTED.**

### A. Religious Freedom Claims

The Magistrate Judge has construed the "Plaintiff's claims that the Defendants interfered with the exercise of his Wiccan beliefs as claims for violations of Plaintiff's First Amendment right to religious freedom and Section 3 of the Religious Land Use and Institutionalized Persons Act ('RLUIPA')." (Doc. 13 at 4). The Plaintiff has two main religious freedom claims. The first concerns the denial of religious items and observances. (Doc. 13 at 6). The Recommendation finds that the Plaintiff has asserted claims that "warrant further factual development" against Defendants Chatman and Miller only; the claims against the other defendants should be dismissed because the Plaintiff has not specifically alleged that any other Defendant denied him religious items and observances. (Doc. 13 at 6).

In his objection, the Plaintiff asserts that because Defendant Eutsey is the Deputy Warden of Security, he would have participated in the decision to "deny [the Plaintiff his] rights to practice Paganism/Wicca correctly." (Doc. 16 at 2). The Plaintiff seems to be alleging that Defendant Eutsey participated in the decision-making process with Defendants Chatman and Miller to deny him religious items and observances as described in the Recommendation. Given this allegation, the Court agrees that this claim should proceed against Defendant Eutsey along with Defendants Chatman and Miller.

The Magistrate Judge recommends dismissing the Plaintiff's claims against Chaplain Harrell because the "Plaintiff did not allege specific facts explaining why the lack of … contact information" "for a Wiccan chaplain, community volunteer, or other 'related personnel'" "substantially burdened his religious exercise."  (Doc. 13 at 6 n.1). The Plaintiff's objection states that Chaplain Harrell's "refusal" to provide this contact information "denied [the Plaintiff his] right to even learn about Paganism/Wicca, let alone practice it correctly.  It is [the] Plaintiff's belief that because Paganism/Wicca is such a varied, complicated[,] precise[,] … and ancien[t] religion, that so much of the specific traditions/beliefs/rituals/ceremonies are only passed down through personal/verbal communication."  (Doc 16 at 2).  The Plaintiff also attached a description of some Wiccan rituals as an example of "how very complicated and precise the Pagan/Wiccan religion is."  (Doc. 16 at 10-11).  The Plaintiff further asserts that not having this contact information "denied him the right to meet with clergy of his faith" and prevented him from establishing a Pagan/Wiccan religious service for all prisoners. (Doc. 16 at 2-3).

The Eleventh Circuit has held that "a 'substantial burden' must place more than an inconvenience on religious exercise; a 'substantial burden' is akin to a significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly."  *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004).  Construed liberally, the Plaintiff has alleged that Defendant Harrell placed a substantial burden on his religious exercise by not providing contact information for a Wiccan religious leader.  Therefore, this claim may proceed.

The Plaintiff also alleges that Defendant Baucomb returned religious books that the Plaintiff mail-ordered without notifying the Plaintiff that he had done so.[1] (Doc. 12-1 at 14-15). In his objection, the Plaintiff explains how he uses these books to practice the Wiccan religion. (Doc. 16 at 6-8). The Court construes this claim as a First Amendment claim, as described in footnote 2 of the Recommendation. (Doc. 13 at 9).

"[A] complaint … state[s] a Free Exercise claim … if it … allege[s] that (1) the plaintiff holds a belief, not a preference, that is sincerely held and religious in nature, not merely secular; and (2) the law at issue in some way impacts the plaintiff's ability to either hold that belief or act pursuant to that belief." *Finn v. Medlin*, 2013 WL 5574419, at *3 (S.D. Ga.) (quoting *GeorgiaCarry.Org., Inc. v. Georgia*, 687 F.3d 1244, 1256-57 (11th Cir. 2012)). In *Finn*, the plaintiff's Free Exercise claim failed because he did not "allege that he [was] unable to attend any religious services, nor that he [was] unable to observe his beliefs privately." 2013 WL 5574419, at *4. Therefore, he failed to state a Free Exercise claim. *Id.* In the instant case, the Plaintiff asserts that one of the books contains information that "must be learned in order to proceed properly in the faith," he uses two of the other books in his nightly devotions, and he uses yoga and tai chi as a replacement for the Wiccan requirement of dance, so those books also assist him in observing his beliefs. (Doc. 16 at 6-7). Construed liberally, this is sufficient to state a Free Exercise claim that the Plaintiff is unable to observe his beliefs privately. Therefore, this claim may proceed. Religious freedom claims regarding the denial of religious items and observances against the other defendants are **DISMISSED without prejudice**.

---

[1] In his objection, the Plaintiff states that he has now received the books he ordered with the exception of *Step-by-Step Tai Chi*. (Doc. 16 at 7-8).

The Plaintiff's second religious freedom claim is that he was forcibly shaven and his hair was forcibly cut in violation of his religious beliefs. (Doc. 13 at 7). The Recommendation finds that the Plaintiff failed to state a claim because he offered no explanation as to why violating the prison's grooming regulations is necessary to practice his religion. (Doc. 13 at 7). Accordingly, the Magistrate Judge recommends that this claim be dismissed without prejudice.

In his objection, the Plaintiff explains that he believes "that the Pagan/Wiccan religion prohibits [cutting the hair and beard] outside of deep mourning of a loved one" because "[t]he length of hair … is … a representation of the knowledge and wisdom he has gathered on this plane of existence [and] a protection and strength in the spiritual realms." (Doc. 16 at 3). With this explanation and with the assistance of liberal construction, the Plaintiff now pleads a substantial burden. *See Holt v. Hobbs*, 135 S. Ct. 853, 859 (2015) (finding a prison policy prohibiting a Muslim inmate from growing a beard in violation of his religious beliefs substantially burdened the inmate's religious exercise). In his amended complaint, the Plaintiff alleges that Defendants Miller, Eutsey, and Pierly all participated in the forced shave. Accordingly, this claim may proceed against these defendants. Religious freedom claims regarding the forced shave and haircut against the other defendants are **DISMISSED without prejudice**.

### B. Equal Protection Claim

"In order to properly plead an equal protection claim, a plaintiff need only allege that similarly situated persons have been treated disparately through state action." *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 685-86 (11th Cir. 2005) (per curiam). The Plaintiff alleges that Defendant Harrell "runs the Christian services[,]

provide[s] Christian inmates with Christian contact information of local churches," and assists Christian inmates with admission into Christian early release programs to reduce their sentences. (Doc. 16 at 3). The Plaintiff further alleges that Defendant Harrell has refused to similarly assist him. (Doc. 16 at 2). The Court construes this as a claim for violation of the Equal Protection Clause. This allegation is sufficient to allow the Plaintiff's equal protection claim to proceed against Defendant Harrell along with the claims against Defendants Chatman and Miller. Equal protection claims against other defendants are **DISMISSED without prejudice**.

## C. Due Process Claim

The Recommendation finds the Plaintiff's contention that Defendant Baucomb interfered with his mail fails to state a claim upon which relief can be granted because the Plaintiff has "failed to allege that he has attempted to pursue a civil cause of action for any wrongful conversion of his personal property[ ] or that such postdeprivation remedy is unavailable to him." (Doc 13 at 9). Therefore, the Magistrate Judge recommends that this claim be dismissed without prejudice.

The Plaintiff's objection describes the ways in which Defendant Baucomb exceeded his authority under the rules of the Georgia Department of Corrections (GDOC).[2] (Doc. 16 at 5-6). He does not allege that he has attempted to pursue a civil cause of action for any wrongful conversion of his personal property, nor has he alleged that such a postdeprivation remedy is unavailable to him. Thus, he has failed to state a

---

[2] A policy of the GDOC does not establish a constitutional right. The fact that an officer may have violated a policy or procedure of the GDOC does not in and of itself violate the Constitution. *See Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 794 F.3d 1327, 1333 (11th Cir. 2015) (citing *Sandin v. Connor*, 515 U.S. 472, 482 (1995)).

claim upon which relief can be granted.  His due process claim is accordingly **DISMISSED without prejudice**.

### D.  Eighth Amendment Claim

The Court has reviewed the Recommendation, and the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.

### E.  Retaliation Claim

The Plaintiff believes that his cell was searched twice in retaliation for the lawsuits and grievances he has filed about his religious beliefs.  (Doc. 13 at 10).  He also believes he was not released from isolation in a timely manner for the same reason.  (Doc. 13 at 10-11).  However, the Recommendation notes that the Plaintiff's amended complaint did not identify "who specifically searched his cell or made the decision to extend his stay in isolation and whether those persons had any knowledge about Plaintiff's lawsuits and grievances."  (Doc. 13 at 11).  Therefore, the Magistrate Judge recommends that these claims be dismissed for failure to state a claim.

In his objection, the Plaintiff explains that one of the officers who searched his cell in the first search was Sergeant Jones, who is not a defendant in this matter.  (Doc. 16 at 8).  The Plaintiff alleges that Jones told him that "the order to search [his] cell came from 'higher up[,]' which could only mean Defendants Miller, Eutsey[,] or Chatman."  (Doc. 16 at 8).  He also asserts that the extension of his isolation time was decided by Defendants Eutsey and Miller.  (Doc. 16 at 8).  The Plaintiff further notes that these three defendants had knowledge of his grievances and his lawsuit because he "notified them personally" and because they "view the documents" as part of their supervisory duties.  (Doc. 16 at 8-9).

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right. Rather, the gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech. A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003) (citations and punctuation omitted).

Here, the Plaintiff has alleged that his cell was first searched on December 15, 2014 and again at some point before January 12, 2015. (Docs. 12-1 at 13; 12-3 at 4). He further alleges that he "had done nothing to warrant this mistreatment … other than filing grievances, and trying to be afforded religious rights, privileges, and immunities." (Doc. 12-1 at 14). The allegation that Defendants Miller, Eutsey, and Chatman ordered the search of the Plaintiff's cell because he filed grievances is sufficient to state a claim for retaliation against them.

The Plaintiff further alleges he remained in isolation solely because he had filed grievances. (Doc. 12-1 at 14). He also states that Defendants Eutsey and Miller would have made the decision to keep him there. (Doc. 16 at 8). The Eleventh Circuit has held that a prisoner may state a claim for retaliation by "expressly claim[ing] that he was punished for complaining through the established grievance system about his treatment." *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006). Therefore, the Plaintiff states a claim for retaliation regarding his extended stay in isolation. Retaliation claims against other defendants are **DISMISSED without prejudice**.

## III. CONCLUSION

The Court has reviewed the Recommendation, and the Recommendation is **ADOPTED in part and REJECTED in part**.  The religious freedom claims against Defendants Chatman, Miller, Eutsey, Baucomb, Harrell, and Pierly; the equal protection claims against Defendants Chatman, Miller, and Harrell; and the retaliation claims against Defendants Chatman, Miller, and Eutsey are allowed to go forward.  All other claims asserted are **DISMISSED without prejudice**.

It is therefore **ORDERED** that service be made on Defendants Chatman, Miller, Eutsey, Baucomb, Harrell, and Pierly and that they file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  The Defendants are also reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.  The Plaintiff is reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

**SO ORDERED**, this 24th day of September, 2015.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL<br>
UNITED STATES DISTRICT COURT